UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO DARIO OCHOA-BELISARIO, | No. 1:26-cv-02965-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | A# 241-381-045 |
| Respondents. | |

Petitioner Angelo Dario Ochoa-Belisario is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in Count 1 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 5.) Neither party objected to the Court ruling directly on the merits of the petition.

1

Respondents state that they are "unable to identify arguments that would alter the Court's due process analysis" but argue that the appropriate remedy is a bond hearing based on Petitioner's recent arrest by local law enforcement.  (ECF No. 9 at 1.) While this does not alter the Court's due process analysis, it does justify a prompt post-deprivation hearing.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).[1]

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[2]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Angelo Dario Ochoa-Belisario a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  __**April 27, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner objects to the Court's consideration of arrest and immigration records for failing to provide the proper certificate of under Federal Rule of Evidence 902(4).  Given the volume of habeas litigation in this District, and Petitioner's request for immediate relief, the Court declines to require these formalities in the absence of a genuine dispute as to their accuracy.  *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) ("[T]he rules of evidence do not apply strictly to preliminary injunction proceedings.")

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2